IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

OKLAHOMA CITY DIVISION

| | |
|---|---|
| Yalonda Sherfield, | Case No.:  CIV-19-0001-R |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company, Wilson-Breit, Inc., d/b/a/ Signature Loans on May, an Oklahoma corporation, Ginny's, Inc., a Wisconsin corporation, Seventh Avenue, Inc., a Wisconsin corporation, Camelot Financial Services, Inc., d/b/a/ Anchor Finance of Bethany, and d/b/a Access Loans, and d/b/a Approved Loans of OKC, an Oklahoma corporation, Sun Loan Company, Inc., a Texas Corporation, and Capital One Bank USA, a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, YALONDA SHERFIELD, BY AND THROUGH COUNSEL, Lewis Berkowitz and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3.  The transactions and occurrences which give rise to this action occurred in Oklahoma City, Oklahoma County, Oklahoma.

4.  Venue is proper in the Western District of Oklahoma, Oklahoma City Division.

## PARTIES

5.  Plaintiff is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma.

6.  The Defendants to this lawsuit are:

    i.  Trans Union, LLC ("Trans Union"), a Delaware limited liability company that conducts business in the State of Oklahoma; and

    ii.  Wilson-Breit, Inc., d/b/a/ Signature Loans on May ("Loans on May"), an Oklahoma corporation that conducts business in the State of Oklahoma;

    iii.  Ginny's, Inc. ("Ginny's"), a Wisconsin corporation that maintains its principal office in Wisconsin;

   iv.  Seventh Avenue, Inc. ("Seventh Ave"), a Wisconsin corporation that maintains its principal office in Wisconsin;

   v.  Camelot Financial Services, Inc. ("Camelot Financial"), d/b/a Anchor Finance of Bethany; d/b/a Access Loans; and d/b/a Approved Loans of OKC, an Oklahoma corporation that conducts business in the State of Oklahoma;

   vi.  Sun Loan Company, Inc. ("Sun Loans"), upon information and belief, a Texas corporation that conducts business in the State of Oklahoma; and

   vii.  Capital One Bank USA ("Capital One"), a foreign corporation that conducts business in the State of Oklahoma.

## GENERAL ALLEGATIONS

7.  Loans on May, Ginny's, Seventh Ave, Camelot Financial, Sun Loans and Capital One (collectively "Furnishers") are inaccurately reporting their Tradelines (collectively "Errant Tradelines") on Plaintiff's Trans Union credit disclosure without the correct notation of bankruptcy discharge.

8.  The Errant Tradelines should be reported as discharged in bankruptcy.

9.  On July 9, 2013, Plaintiff's Chapter 7 Bankruptcy was discharged.

10. On August 22, 2018, Plaintiff obtained her Trans Union credit file and noticed the Errant Tradelines reporting without the correct notation of bankruptcy discharge.

11. On or about September 4, 2018, Plaintiff, submitted a letter to Trans Union disputing the Errant Tradelines. In the dispute letter, Plaintiff explained that the Errant Tradelines were discharged in her bankruptcy, attached a bankruptcy case history confirming same, and asked the credit bureau to report the Errant Tradelines as discharged in bankruptcy.

12. Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.

13. Plaintiff had not received investigation results from Trans Union, so on October 22, 2018, she obtained her Trans Union credit disclosure which showed that Trans Union and the Furnishers failed or refused to report the Errant Tradelines with the correct notation of bankruptcy discharge.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LOANS ON MAY**

15.   Plaintiff realleges the above paragraphs as if recited verbatim.

16.   After being informed by Trans Union Plaintiff's consumer dispute of the Errant Tradeline, Loans on May negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

17.   Loans on May negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

18.   The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such Tradeline.

19.   As a direct and proximate cause of Loans on May's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20.   Loans on May is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Plaintiff has a private right of action to assert claims against Loans on May arising under 15 USC 1681s-2(b).

   **WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Loans on May for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LOANS ON MAY

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Loans on May willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

24. Loans on May willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Loans on May's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Loans on May is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an

amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Loans on May for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GINNY'S

27.   Plaintiff realleges the above paragraphs as if recited verbatim.

28.   After being informed by Trans Union Plaintiff's consumer dispute of the Errant Tradeline, Ginny's negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

29.   Ginny's negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

30. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such Tradeline.

31. As a direct and proximate cause of Ginny's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Ginny's is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Plaintiff has a private right of action to assert claims against Ginny's arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ginny's for damages, costs, interest, and attorneys' fees.

## COUNT IV
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GINNY'S

34.  Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Ginny's willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

36. Ginny's willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of Ginny's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Ginny's is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ginny's for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SEVENTH AVE

39.   Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Trans Union of Plaintiff's consumer dispute of the Errant Tradeline, Seventh Ave negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

41. Seventh Ave negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

42. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such Tradeline.

43. As a direct and proximate cause of Seventh Ave negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. Seventh Ave is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

45. Plaintiff has a private right of action to assert claims against Seventh Ave arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Seventh Ave for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SEVENTH AVE

46.   Plaintiff realleges the above paragraphs as if recited verbatim.

47.   After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Seventh Ave willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

48.   Seventh Ave willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

49.   As a direct and proximate cause of Seventh Ave willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

50.   Seventh Ave is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of

punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Seventh Ave for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAMELOT FINANCIAL

51.  Plaintiff realleges the above paragraphs as if recited verbatim.

52. After being informed by Trans Union Plaintiff's consumer dispute of the Errant Tradelines, Camelot Financial negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

53. Camelot Financial negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradelines.

54. The Errant Tradelines are inaccurate and create a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such Tradelines.

55. As a direct and proximate cause of Camelot Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

56. Camelot Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

57. Plaintiff has a private right of action to assert claims against Camelot Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Camelot Financial for damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAMELOT FINANCIAL

58.  Plaintiff realleges the above paragraphs as if recited verbatim.

59. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Camelot Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct

Trans Union to insert the bankruptcy discharge notation on the Errant Tradelines.

60. Camelot Financial willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

61. As a direct and proximate cause of Camelot Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

62. Camelot Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Camelot Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SUN LOANS

63.   Plaintiff realleges the above paragraphs as if recited verbatim.

64. After being informed by Trans Union of Plaintiff's consumer dispute of the Errant Tradeline, Sun Loans negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

65. Sun Loans negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

66. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such Tradeline.

67. As a direct and proximate cause of Sun Loans' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

68. Sun Loans is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

69. Plaintiff has a private right of action to assert claims against Sun Loans arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Sun Loans for damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SUN LOANS

70.   Plaintiff realleges the above paragraphs as if recited verbatim.

71.   After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Sun Loans willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

72.   Sun Loans willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

73.   As a direct and proximate cause of Sun Loans willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

74.   Sun Loans is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Sun Loans for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

75.   Plaintiff realleges the above paragraphs as if recited verbatim.

76.  After being informed by Trans Union Plaintiff's consumer dispute of the Errant Tradeline, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

77.  Capital One negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

78.  The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such Tradeline.

79. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

80. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

81. Plaintiff has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to insert the bankruptcy discharge notation on the Errant Tradeline.

84. Capital One willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

85. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

86. Capital One is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT XIII</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

87. Plaintiff realleges the above paragraphs as if recited verbatim.

88. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

89. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

90. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

91.  After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

92. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

93. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

94.  Plaintiff realleges the above paragraphs as if recited verbatim.

95.  Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

96.  Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

97.  Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

98.  After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

99.  As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

100. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 2, 2019

By: */s/Lewis Berkowitz*_____
Attorneys for Plaintiff,
Lewis A. Berkowitz
4334 N.W. Expressway, Ste. 249
Oklahoma City, OK 73116
berkolaw@cox.net
(405) 326-8564
Attorney for Plaintiff,
Yalonda Sherfield