# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YALONDA SHERFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-001-R |
| | ) |
| TRANS UNION, LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before this Court is Defendant Trans Union, LLC's ("Trans Union" or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Doc. 29. Plaintiff's claims against Trans Union, a consumer reporting agency ("CRA"),[1] turn on her contention that Wilson-Breit, Inc., d/b/a Signature Loans on May; Ginny's, Inc.; Seventh Ave, Inc.; Camelot Financial Services d/b/a Anchor Finance of Bethany, d/b/a Access Loans, d/b/a Approved Loans of OKC; Sun Loan Company; Capital One Bank USA; and Quick Loans, Inc.—together, the "Furnishers"—inaccurately reported their tradelines[2] on Plaintiff's Trans Union credit disclosure without the correct notation of "bankruptcy discharge" or "discharged in bankruptcy." *See* Doc. 22, at 3.[3] Plaintiff claims

---

[1] Trans Union concedes it is a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA"). Doc. 29-1, at 12. A consumer reporting agency ("CRA") "receive[s] credit information about borrowers and consumers from data furnishers, such as mortgage lenders and credit card companies." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 752 (9th Cir. 2018). After receipt of this information, CRAs will "compile and distribute the information to subscribers through credit reports, and to consumers through consumer disclosures." *Id*.

[2] "A credit report tradeline is an industry term used to describe a record of activity for any type of credit extended to a borrower and reported to a credit reporting agency." *Skanes v. Equifax Info. Servs., LLC*, No. CIV-19-0003-F, 2019 WL 2372624, at 1 n.1 (W.D. Okla. June 5, 2019).

[3] Many of the Furnishers are also defendants in this action, but they have not joined in Trans Union's motion to dismiss. Plaintiff voluntarily dismissed her claims against Ginny's, Inc., and Seventh Avenue, Inc. *See*

that Trans Union's failure to include this notation on her credit report violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. *Id*. at 3–5, 23–25. Having considered the parties' filings, *see* Docs. 29-1, 39–40, the Court grants Defendant's motion.

I.      **Background**

The Court takes as true all well-pleaded factual allegations in the complaint, views them in the light most favorable to Plaintiffs, and draws from them all reasonable inferences in Plaintiffs' favor. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). On April 3, 2013, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma, Dkt. No. 13-11493. *See* Doc. 29-2.[4] Plaintiff received an Order of Discharge from the Bankruptcy Court on July 9, 2013. *See* Doc. 22, at 4; Doc. 29-3. On August 22, 2018, Plaintiff reviewed her Trans Union credit file and found that the Furnishers' tradelines described the status of her

---

Docs. 26, 41. Plaintiff and Capital One Bank USA entered a joint stipulation of dismissal with prejudice on April 26, 2019. *See* Doc. 42.

[4] In evaluating a Rule 12(b)(6) motion to dismiss, the Court "may consider not only the complaint itself, but also attached exhibits, . . . documents incorporated into the complaint by reference . . . . [and] documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and th[e] rationale for conversion to summary judgment dissipates."). Moreover, the Court may take judicial notice of matters of public record, including bankruptcy court filings, without converting Defendant's motion into a summary judgment motion. *See Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015) (citing *Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008)) ("We reject [plaintiff's] argument that the district court improperly considered documents from his bankruptcy case . . . . A court may consider facts subject to judicial notice—including facts that are a matter of public record, such as documents filed in other litigation—without converting a motion to dismiss into a motion for summary judgment."). Thus, the Court may consider Defendant's Exhibits 1, 2, 4, and 5, *see* Docs. 29-2, 29-3, 29-5, 29-6, without converting Defendant's motion because Plaintiff incorporates these documents by reference into her complaint; Plaintiff does not dispute the authenticity of these documents, and, as to Exhibits 1 and 2, these documents are a matter of public record from other litigation.

2

accounts with the notation, "Account Included in Bankruptcy," rather than with a notation specifying that the accounts had been "discharged" in bankruptcy. Doc. 22, at 4. Thereafter, on or about September 4, 2018, Plaintiff sent a letter to Trans Union disputing these tradelines. *Id*. In her letter, Plaintiff explained that the Furnishers "Errant Tradelines were discharged in her bankruptcy," attached her bankruptcy case history, and requested that Trans Union report these tradelines as having been discharged in bankruptcy. *Id*. Trans Union forwarded this letter to the Furnishers. *Id*. When Plaintiff later obtained her Trans Union credit disclosure on October 21, 2018, she saw that the tradelines continued to be reported without a notation of bankruptcy discharge. *Id*.[5]

Based on these allegations, Plaintiff brings claims against Trans Union for negligent and willful violations of Sections 1681e(b) and 1681i of the FCRA. *See* Doc. 22, at 23–25. Therein, Plaintiff alleges that Trans Union's credit report "contained information about Plaintiff that was false, misleading, and inaccurate," that Trans Union negligently and/or willfully "failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported," and that Trans Union negligently and/or willfully "failed to conduct a reasonable investigation as required [by law]." *Id*. Plaintiff argues Trans Union's "failure to perform its duties under the FCRA" has directly and proximately caused her to suffer "actual damages," "credit and emotional damages,"

---

[5] Plaintiff reiterates some of these allegations against Quick Loans, Inc., only. She alleges that, after reviewing her credit disclosure in October 2018, she submitted a second letter to Trans Union disputing Quick Loans' tradeline and asking Trans Union to report that tradeline as discharged in bankruptcy. Doc. 22, at 4–5. Trans Union forwarded this dispute letter to Quick Loans. *Id*. at 5. Plaintiff again obtained her Trans Union credit disclosure on January 16, 2019, at which time she saw that the Quick Loans tradeline continued to be reported without a notation of bankruptcy discharge. *Id*.

3

"undue stress and anxiety," "mental anguish and suffering, humiliation, and embarrassment." *Id*. at 5, 24–25.

Trans Union attaches to its motion to dismiss Plaintiff's credit file, including the results of Trans Union's reinvestigation. *See* Docs. 29-5, 29-6. The "Public Records" section of the file reflects Plaintiff's Chapter 7 bankruptcy discharge. *See* Doc. 29-5, at 4. The Furnishers' tradelines list "Account Included in Bankruptcy" as the pay status of Plaintiff's accounts, no account balances due, and the accounts as closed. *Id*. at 5–7. As well, under "Remarks," the tradelines report, "Chapter 7 Bankruptcy." *Id*. Trans Union's reinvestigation results show no change in how the tradelines were reported. *See* Doc. 29-6. Plaintiff does not dispute that the Public Records section of her credit file reports her Chapter 7 Bankruptcy as discharged. Plaintiff also does not allege that any creditors have been misled by the notation "included in bankruptcy." And while Plaintiff vaguely alleges damage to her credit from Trans Union's actions, she does not allege that she was denied credit based on her credit report.

## II.     Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). While a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests," *Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th

Cir. 2012) (ellipsis, internal quotation marks, and citations omitted), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

## III. Discussion

Plaintiff brings claims against Trans Union under 15 U.S.C. §§ 1681e(b) and 1681i.[6] Section 1681e(b) requires Plaintiff to plead that (1) Trans Union published an inaccurate report; (2) Trans Union failed to follow reasonable procedures to assure the accuracy of its reports; (3) Plaintiff sustained actual damages; and (4) Trans Union's failure to follow reasonable procedures caused Plaintiff's damages. *See Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015); *Stewart v. Equifax Info. Servs., LLC*, 320 F. Supp. 3d 1186, 1207 (D. Kan. 2018). Section 1681i requires Plaintiff to plead that (1) her credit file contained inaccurate information; (2) she notified Trans Union of the alleged inaccuracy; (3) Trans Union failed to conduct a reasonable reinvestigation in response to

---

[6] Section 1681e(b) states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i states, in relevant part that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information . . . ." *Id*. § 1681i(a)(1)(A).

5

her notice; and (4) she suffered damages caused by Trans Union. *See Wright*, 805 F.3d at 1242 ("To prevail on a § 1681i(a) claim . . ., plaintiffs must prove essentially the same elements as those for a § 1681e(b) claim—unreasonable procedures in reinvestigating a report, inaccuracy of the report, injury, and causation—in addition to proving they informed the CRA about the inaccuracy."). Thus, the existence of a factual inaccuracy is an essential element of both claims Plaintiff asserts against Trans Union. *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) ("A successful FCRA claim brought under 15 U.S.C. § 1681e(b) must be based on inaccurate information disclosed in a consumer credit report."); *Kuehling v. Trans Union, LLC*, 137 F. App'x 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, [plaintiff] cannot establish that Trans Union violated the FCRA—either § 1681e(b) *or* § 1681i(a)(1)(A)." (emphasis original)); *see also Lewis v. Midland Credit Mgmt.*, No. CIV-15-1052-R, 2016 WL 4747414, at *2 (W.D. Okla. Sept. 12, 2016) ("A showing of inaccuracy is an essential element of a § 1681e(b) claim. Similarly, to prevail on a claim under § 1681i(a) Plaintiff must show inaccuracy in the credit report issued by any particular CRA Defendant." (internal quotation marks, citations, and brackets omitted)). "A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect on the consumer." *Skanes v. Equifax Info. Servs., LLC*, No. CIV-19-0003-F, 2019 WL 2372624, at *2 (W.D. Okla. June 5, 2019) (citing *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).

Plaintiff has failed to state a claim under Sections 1681e(b) and 1681i. Plaintiff's sole ground for asserting that Trans Union's credit report was inaccurate is that the Furnisher's tradelines on the report stated Plaintiff's accounts as included in bankruptcy, instead of discharged in bankruptcy. *See generally* Docs. 22, 39. But this alleged notational error is insufficient to establish an inaccuracy in Plaintiff's credit report. Numerous courts have concluded that there is no meaningful difference between an "included in bankruptcy" notation and a "discharged in bankruptcy"/"bankruptcy discharge" notation—and, more broadly, that an "included in bankruptcy" notation is neither inaccurate nor misleading. *See Diaz v. Trans Union LLC*, No. 1:18-cv-01341-DAD-EPG, 2019 WL 2389937, at *3 (E.D. Cal. June 6, 2019) (dismissing complaint where plaintiff provided "no authority that states or indicates that the 'included in bankruptcy' notation is patently incorrect, materially misleading[,] or could be expected to adversely affect credit decisions"); *Smith v. Trans Union*, No. 18-CV-13098, 2019 WL 2074594, at *4 (E.D. Mich. May 10, 2019) (collecting cases) ("Plaintiff has cited no authority to support the proposition that the 'included in bankruptcy' notation is inaccurate . . . where a bankruptcy has been discharged. In fact, numerous courts have used the phrases 'included in bankruptcy' and 'discharged in bankruptcy' interchangeably."); *Butler v. Equifax Info. Servs., LLC*, No. EDCV 18-2084 JGB (SHKx), 2019 WL 2498939, at *2 (C.D. Cal. Apr. 3, 2019) ("There is no meaningful difference between the phrase 'included in bankruptcy' and the phrase 'discharged in bankruptcy' and therefore no likelihood that the use of the phrase 'included in bankruptcy' will be misinterpreted to the detriment of Plaintiff. Every Court to consider this issue directly has concluded the same."); *cf. Skanes*, 2019 WL 2372624, at *3 (holding, on

summary judgment, that "[t]here is no inaccuracy due to Trans Union's failure to include the phrase 'bankruptcy discharged' or 'discharged in bankruptcy' within the First Premier tradeline"). Moreover, the Court locates no authority—and Plaintiff cites none—holding that CRAs like Trans Union are required to use the phrase "discharged in bankruptcy"/"bankruptcy discharge" rather than "included in bankruptcy." *See Fleming v. Trans Union, LLC*, No. CV 18-9785 PA (PALx), 2019 WL 2498940, at *3 (C.D. Cal. Mar. 8, 2019) ("Plaintiff cites no case law which would require Trans Union to use the phrase 'discharged in bankruptcy' rather than 'included in bankruptcy,' and other courts have found that 'included in bankruptcy' is sufficient. As such, Plaintiff cannot allege Trans Union's reports contained a factual inaccuracy or were misleading.").

Given the interchangeability of these notations, then, the Court is not persuaded by Plaintiff's argument that "[s]tating . . . an account is 'included in bankruptcy' suggests that the bankruptcy is pending and that no discharge has been granted." Doc. 39, at 6; *see Butler*, 2019 2498939, at *3 ("Because these terms are interchangeable, the Court is not persuaded by Plaintiff's argument that 'included in bankruptcy' could suggest that bankruptcy is pending and that no discharge has been granted. The Court can find no authority supporting the conclusion that these terms are not strictly synonymous in the context of credit reporting, much less that the use of one, rather than the other, could lead to confusion." (internal quotation marks and citation omitted)). Nor is Plaintiff's mere belief that such a notation may be inaccurate or misleading sufficient to sustain a claim under the FCRA. *See Smith*, 2019 WL 2074594, at *4 (quoting *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016)) ("'A personal opinion such as Plaintiff's constitutes "mere

8

speculation that the notation was misleading" and is insufficient to support a claim of inaccuracy under the FCRA.'" (additional citations and brackets omitted)); *see also Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001) ("[Plaintiff's] mere speculation that the notation ["Included in Bankruptcy"] was misleading, without more, is insufficient as a matter of law to establish a prima facie case of inaccuracy in violation of § 1681e(b).").

Even if an "included in bankruptcy" notation had some potential to mislead, such potential is mitigated by the credit report's inclusion of information regarding Plaintiff's Chapter 7 bankruptcy. The report's "Public Records" section, which shows that Plaintiff's bankruptcy was discharged, "obviates any potential confusion from creditors as to the status of the accounts marked as 'included in bankruptcy.'" *Butler*, 2019 WL 2498939, at *3; *see also Diaz*, 2019 WL 2389937, at *3 (quoting *Torion v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-cv-00422-PJH, 2017 WL 2986250, at *6 (N.D. Cal. July 13, 2017)) ("Courts have found that, even if a report of 'included in bankruptcy' is misleading, the fact that the bankruptcy is reported as discharged in the public records section of the report 'eliminates the possibility that a lender would be misled by the reporting.'"); *Mestayer v. Experian Info. Sols., Inc.*, No. 15-cv-03645-EMC, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016) (disclosure of bankruptcy filings vitiates risk of misleading creditors). In addition, each tradeline is reported as closed and with no balance due, and the tradelines' "Remarks" sections state, "Chapter 7 Bankruptcy." These facts further cut against Plaintiff's assertion that Trans Union's reporting of the tradelines contained inaccuracies. *See Blanch v. Trans Union*, 333 F. Supp. 3d 789, 793 (M.D. Tenn. 2018) ("There was

nothing false or 'inaccurate' about [tradeline furnishers] reporting [plaintiff's] accounts as included in her bankruptcy, closed, and with a zero balance."); *see also Walker v. Trans Union, LLC*, No. 2:19-cv-00085-ALB, 2019 WL 2884339, at *2 (M.D. Ala. July 3, 2019) (finding no inaccuracy and dismissing plaintiff's claims where CRA credit file reported account as "included in bankruptcy," closed, and with a zero balance).[7]

Thus, it is clear from viewing the credit file in its entirety that Plaintiff's Chapter 7 bankruptcy discharge resolved her accounts with the Furnishers. Trans Union's actions—reporting the tradelines with an "included in bankruptcy" notation and declining to insert a "discharged in bankruptcy"/"bankruptcy discharge" notation in its place—do not constitute inaccuracies. And without an inaccuracy, Plaintiff is unable to sustain a claim under either

---

[7] Responding to Defendant's motion to dismiss, Plaintiff cites *Bevly v. Equifax Information Services, Inc.*, No. 4:18-CV-01484 JAR, 2019 WL 1434722 (E.D. Mo. Apr. 1, 2019), where a district court found a complaint factually similar to Plaintiff's first amended complaint legally sufficient. In a recent decision from this Court involving a plaintiff who claimed her credit report was inaccurate for failing to include the phrase "bankruptcy discharged" or "discharged in bankruptcy," Judge Friot rejected that plaintiff's attempt to rely on *Bevly*:

> [P]laintiff relies on an order entered in Bevly v. Equifax Information Services, Inc. . . . . Bevly involved allegations virtually identical to the allegations in the instant case. Data furnisher RAC Acceptance East, LLC (RAC) moved to dismiss, arguing that the claims were so conclusory that RAC could not discern the improper conduct in question and could not meaningfully contest it. The court held the complaint provided sufficient detail to give notice to RAC about the nature of the dispute, and the court denied the motion to dismiss on that ground. **Thus, the order did not reach the central legal question and turned, instead, on whether sufficient facts were alleged to give RAC notice of plaintiff's claims. For that reason, the Bevly order is no help to plaintiff here.**

*Skanes*, 2019 WL 2372624, at *3 (emphasis added) (citations omitted). Like the *Skanes* plaintiff, Plaintiff here predicates her claims against Trans Union on the tradeline's notation, "Account Included in Bankruptcy"—or, put differently, the failure of the tradelines to denote the accounts as discharged in bankruptcy. But the Court finds no inaccuracy in Trans Union's reporting based on these factual allegations. Plaintiff's allegations, taken as true, simply fail to state a claim under the FCRA against Trans Union. Thus, the Court agrees with Judge Friot's reasoning and finds *Bevly*'s focus on the quantum of facts needed to put a CRA-defendant on notice unhelpful to Plaintiff.

Section 1681e(b) or Section 1681i of the FCRA. Accordingly, Plaintiff's claims against Trans Union should be dismissed.

## IV. Conclusion

For the reasons stated above, the Court GRANTS Defendant's motion and DISMISSES Plaintiff's claims against Trans Union without leave to amend.[8]

IT IS SO ORDERED this 18th day of July, 2019.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[8] This ruling makes it unnecessary for the Court to address Defendant's other grounds for dismissal. *See* Doc. 29-1, at 20–27. Moreover, the Court denies Plaintiff's request for leave to amend her complaint. *See* Doc. 39, at 13–14. "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). Plaintiff predicates her claims on the purported inaccuracy of an "included in bankruptcy" notation. But such a notation is not inaccurate, and the clear weight of authority is contrary to Plaintiff's position. Accordingly, Plaintiff's complaint cannot be saved by amendment, and granting leave to amend would, therefore, be futile.