# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOLANDA SHERFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV-19-001-R |
| | ) |
| QUICK LOANS, INC., *et al.*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are the Amended Motions to Dismiss, Doc. Nos. 60, 61, filed by Defendant Quick Loans, Inc. and Wilson-Breit, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6), in addition to Plaintiff Sherfield's Motion to Strike, Doc. No. 63. Upon review of the parties' submissions, the Court grants Defendants' motions and denies Plaintiff's motion.

The claims against both Quick Loans and Wilson-Breit turn on Plaintiff's contention that Defendants inaccurately reported their tradelines[1] to Trans Union for inclusion on Plaintiff's Trans Union credit disclosure by reporting one of her accounts as "Included in Bankruptcy" rather than "Discharged in Bankruptcy." Doc. No. 22.[2] Plaintiff contends that

---

[1] "A credit report tradeline is an industry term used to describe a record of activity for any type of credit extended to a borrower and reported to a credit reporting agency." *Skanes v. Equifax Info. Servs., LLC*, No. CIV-19-0003-F, 2019 WL 2372624, at 1 n.1 (W.D. Okla. June 5, 2019).

[2] Defendants are known in the industry as "furnishers," *see* Doc. No. 43, p. 1. Several other furnishers were also defendants in this action but have since been terminated. Plaintiff voluntarily dismissed her claims against Ginny's, Inc., and Seventh Avenue, Inc. *See* Doc. Nos. 26, 41. Plaintiff and Capital One Bank USA entered a joint stipulation of dismissal with prejudice on April 26, 2019. *See* Doc. 42. After dismissal of Quick Loans, Inc. and Wilson-Breit, Inc., the only remaining defendant is Camelot Financial Services, Inc.

1

this failure violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq. Id.* at 6–8, 20–25. Defendants both seek dismissal of Plaintiff's Complaint, arguing primarily that she fails to plead that their notations were false, misleading, or inaccurate. Doc. Nos. 60, 61.

However, Defendants filed their motions almost a year after they filed their answers, Doc. Nos. 34, 35, and over a month past the deadline for dispositive motions, Doc. No. 48. On that basis, Plaintiff requests that the Court strike Defendants' motions. Doc. No. 63. Although Rule 12(b)(6) requires a party to file a motion asserting a failure to state a claim defense "before pleading if a responsive pleading is allowed," Fed. R. Civ. P. 12(b)(6), the Court may construe such a motion filed after an answer as a motion under Rule 12(c) for judgment on the pleadings, *see McKnight v. City of Topeka, Kansas*, No. 19-2353-DDC-GEB, 2020 WL 1320724, at *1–7 (D. Kan. Mar. 20, 2020) (construing Rule 12(b)(6) motion filed late as Rule 12(c) motion); *see also* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (explaining that a motion filed after an answer "should generally be treated as a motion for judgment on the pleadings" and not a Rule 12(b)(6) motion). Ultimately, this is a distinction without material difference because courts evaluate a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion to dismiss. *Id.* In accordance with the Court's inherent authority to manage its docket, including its discretion to rule on late

motions, *see United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010), Plaintiff's motion to strike is denied.[3]

Proceeding then, under Rule 12(c), the Court finds that Plaintiff's claims against both Quick Loans and Wilson-Breit, the furnishers, turn on the same issue as her claims against Trans Union, the credit reporting agency—*i.e.,* whether it was inaccurate to report Plaintiff's account as "Included in Bankruptcy" rather than "Discharged in Bankruptcy." *See* Doc. No. 22, pp. 6–8, 20–25. The Court has previously analyzed this issue, finding the relevant notation insufficient to establish an inaccuracy in Plaintiff's credit report. *See* Doc. No. 43, p. 7. Plaintiff's claims against Trans Union therefore failed as a matter of law. *Id*. Accordingly, for the reasons set forth in the Court's order dismissing Plaintiff's claims against Trans Union, *see id.*, Plaintiff's claims against both Quick Loan and Wilson-Breit are hereby dismissed.

For the foregoing reasons, Defendants' motions, Doc. Nos. 60, 61, are hereby granted, and Plaintiff's motion, Doc. No. 63, is hereby denied.

**IT IS SO ORDERED** this 7th day of April 2020.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Before moving on, the Court notes its frustration with the conduct of Defendants' counsel, Benjamin J. Tech. Indeed, if the Tenth Circuit did not permit the Court to construe Defendants' Motion to Dismiss as a Motion for Judgment on the Pleadings, Mr. Tech would be responding to a show cause order under Federal Rule of Civil Procedure 11(c)(3). *See* Fed. R. Civ. P. 11(c)(5)(B). The plain terms of Rule 12(b)(6) do not permit a Motion to Dismiss to be filed after an Answer, and the Court's scheduling order clearly required Defendants to submit any dispositive motions by February 3, 2020. Had counsel paid closer attention, he could have filed a timely motion seeking dismissal. Defendants' actions place an undue burden on opposing counsel and the Court; Mr. Tech is admonished to avoid the same should he appear before the Court in the future.